**COMMISSIONERS COURT OF MEDINA COUNTY, TEXAS, et al.**

v.

**UNITED STATES of America, Antonio Garcia, III, et al., Appellants.**

No. 82–2416.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 21, 1983.

Decided Oct. 28, 1983.

Norman J. Chachkin, Washington, D.C., with whom William L. Robinson, Washington, D.C., and Jose Garza, San Antonio, Tex., were on the brief, for appellants.

Keith Rosenberg, Washington, D.C., for appellees Com'rs Court of Medina County, Tex., et al.

Walter W. Barnett, Dept. of Justice, Washington, D.C., entered an appearance for appellee, U.S.

Before MIKVA and GINSBURG, Circuit Judges, and BAZELON, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM:

Appellants seek review of the district court's second peremptory rejection of their application for attorneys' fees filed pursuant to 42 U.S.C. § 1973*l* (e) (1976) (authorizing fees to prevailing parties in litigation to enforce the voting guarantees of the Fourteenth or Fifteenth Amendments). We vacated the district court's prior order denying the fee application because the district judge had given "determinative weight to an improper factor." *Commissioners Court v. United States,* 683 F.2d 435, 437 (D.C.Cir. 1982).

The same "improper factor" infects the district court's disposition on remand. Moreover, that disposition displays other basic errors. We therefore vacate the dis-

trict court's order again and remand once more, this time with an explicit instruction to hold a hearing on the application for fees. In a motion for a new trial or to alter or amend the judgment, filed in the district court on October 4, 1982, appellants indicated the evidentiary showing they would make if afforded the opportunity to do so. We further instruct the district court that, if appellants make the proffered showing, they will be entitled to an award of reasonable attorneys' fees.

## I.

Our prior opinion sets out the background of this case, 683 F.2d at 437–39, which we summarize briefly here. Appellants are Mexican-American citizens residing and registered to vote in Medina County, Texas. They were defendant-intervenors in a declaratory judgment action brought against the United States by the Commissioners Court of Medina County (County), pursuant to section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c (1976); in that action, the County sought court approval of its 1978 and 1979 redistricting plans.[1] During the pendency of the litigation, the County adopted a new redistricting plan (the 1980 plan) which the Attorney General precleared. Thereafter, the district court dismissed the County's action as moot, but permitted appellants to file an application for attorneys' fees.

Without holding a hearing or awaiting the completion of discovery appellants had initiated, the district court denied the fee application. "Defendant-Intervenors did not prevail," the district judge ruled. He noted a sole reason for his ruling: defendant-intervenors (appellants here) had opposed "the compromise settlement" (the 1980 plan precleared by the Attorney General) which occasioned dismissal of the County's action. See 683 F.2d at 438.

In vacating the district court's original order denying fees, this court explained why the district court must focus "on the factors that led the County to abandon its litigation efforts [to gain approval for the 1978 and 1979 plans] ... and [to] submit [the] alternate [1980] plan." 683 F.2d at 443. The district court erred, we held, in focusing instead "on the factors that led the Attorney General to give preclearance approval to the 1980 Plan." *Id.* We pointed out that, "although interested parties may voice their opposition [to] or support of [a plan submitted to the Attorney General], the final decision is the Attorney General's alone," and "[i]f the plan is precleared, that decision is not itself subject to judicial review." *Id.* at 440 (footnote omitted). Defendant-intervenors in such a situation, we observed, are "in an unusual position." *Id.* They are "precluded [by statute] from having any actual impact on the approval or disapproval of ... a 'compromise plan' submitted to the Attorney General during the course of litigation." *Id.* Nor may they force or even request continuation of the litigation by "present[ing] to the court objections to the compromise [plan]." *Id.* at 441. They may, however, bring "a subsequent action to enjoin enforcement of such [plan]." *Id.* at 444 (quoting 42 U.S.C. § 1973c (1976)).

Stressing the statutory right of defendant-intervenors to commence their own action "to enjoin the enforcement of a precleared plan," we stated: "When plaintiffs [such as the County here] seek to resolve the controversy they have raised in the declaratory judgment action by submitting a different plan to the Attorney General, defendant-intervenors should not be faced with a Hobson's choice of acquiescing in the plan and possibly foregoing their right to

---

1. The County commenced the declaratory judgment action on January 25, 1980. Appellants here (defendant-intervenors in the district court) had earlier filed an action in the United States District Court for the Western District of Texas (Garcia v. Decker, No. SA–79–CA–414 (W.D.Tex. filed Oct. 25, 1979)) seeking to en- join 1980 elections for Medina County Commissioners because neither the 1978 nor the 1979 plan had been precleared by the Attorney General. On January 18, 1980, the Texas district court issued a preliminary injunction against holding 1980 elections under either the 1978 or the 1979 plan.

seek an injunction or raising their objections and foregoing attorneys' fees for which they are otherwise eligible." *Id.*[2] Despite this clear statement, the district court, on remand, twice recalled defendant-intervenors' objections to the compromise plan.

First, the district court acknowledged that defendant-intervenors met the first prerequisite for "prevailing party" status set out in our prior opinion: "the objective sought to be accomplished *by the intervention* ha[d] been attained." 683 F.2d at 441 (emphasis in original). The district court nonetheless commented that it remained "mindful that intervenors' proposed plan was not adopted and that they opposed the 1980 plan precleared by the Attorney General." *Commissioners of Medina County Texas v. United States,* No. 80–241, slip op. at 2 (D.D.C. Sept. 22, 1982) [hereafter, Mem. Op.]. Second, and of principal importance, the district court said that, assuming *arguendo* defendant-intervenors' threshold "prevailing party" eligibility for attorneys' fees, their opposition to the 1980 plan was a disqualifying factor:

> [N]ot only did [defendant-intervenors fail to] promote or assist in the settlement, they vigorously opposed it in a 5½ page letter [to the Attorney General] dated December 4, 1980, claiming that the settlement ... was discriminatory in *purpose* and *effect.* They clearly and forcefully registered their objections. The Attorney General dismissed these objections

and approved the settlement on December 16, 1980.

Mem. Op. at 4 (emphasis in original).

█ We reiterate and clarify our prior instruction and trust that the district court will observe it on this second remand: appellants' opposition to the 1980 plan was a matter appropriately presented to the Attorney General, not to the district court; that opposition does not dilute appellants' claim to "prevailing party" status, nor is there any indication in this case that the opposition renders "unjust" an award of fees for appellants' participation, on the side of the United States, in the County's declaratory judgment action.[3]

## II.

In its second look at the fee application at issue, the district court supplied additional reasons for deciding that appellants were not prevailing parties and, even if they were, that a fee award would be inappropriate. Primarily, the district court found that, as defendant-intervenors, appellants "were content to ride 'on the coattails' of the United States" and "played at most a passive role" in the litigation. Mem. Op. at 3, 4. As the County acknowledges, the district judge based this determination on his "review of the pleadings and observance of counsel at four docket calls." Brief of Appellees at 14. Despite our direction that he regard the record "in conjunction with the submissions of the parties on this issue," 683 F.2d at 442, the district judge wore blinders. He looked to the surface record and noted his impression gleaned from status calls. His Memorandum Opinion indicates that he ignored appellants' submissions.[4]

---

**2.** We noted that, "[a]lthough the issue has apparently never been litigated, it is arguable that if [defendant-]intervenors consented to, or formally gave approval to, the 1980 Plan they would be estopped to seek an injunction in a separate suit." 683 F.2d at 444 n. 16.

**3.** We do not establish a *per se* rule that, under no circumstances, can opposition to a settlement be relevant to a fee determination. There may be situations, for example, in which objections of a disingenuous kind or totally at odds with the settlement could be a basis for disqualification or at least some discounting of the right to fees.

**4.** Moreover, in determining whether appellants qualified as prevailing parties, he applied a standard more stringent *than the one we instructed.* He posed as the critical question: Were defendant-intervenors "the catalyst which caused [the County] to reach a settlement with the United States[?]" Mem. Op. at 2. We had pointed out, in words difficult to misinterpret, that "in a case that involves multiple defendants that has not proceeded to trial, it is almost impossible for the court to determine whose efforts persuaded the plaintiffs to abandon their litigation endeavors and take action that, if successful, would moot the case." 683 F.2d at 442. Therefore, the district court should not have looked for *the catalyst;* instead, to determine whether defendant-interve-

Appellants asked the district court for an opportunity to show, at a hearing, that their role in defending against the County's case "was not passive but crucial in determining the outcome." Motion of Defendant-Intervenors for New Trial or to Alter or Amend Judgment at 2 (filed Oct. 4, 1982). Their attorney's affidavit averred, *inter alia,* that defendant-intervenors' vigorous participation in the depositions of plaintiffs was "crucial in the [County's] decision to abandon [its] efforts to preclear the 1978 and 1979 redistricting plans." Affidavit of Jose Garza at 2 (dated Oct. 1, 1982). The affidavit further stated that "[t]he Government['s] opposition to the 1978 and 1979 plans [was] larg[e]ly due to information submitted by Defendant-Intervenors." *Id.* But the district judge made no inquiry extending beneath the record's surface into the efforts of appellants to defeat preclearance of the 1978 and 1979 plans.[5] He allowed no hearing, and did not even invite the views of counsel for the Attorney General on the nature and quality of defendant-intervenors' contributions during the pendency of the litigation. It was an abuse of discretion to proceed this way.

At the hearing we instruct the district judge to hold on remand, appellants should be accorded a full and fair opportunity to

show what they have repeatedly alleged—that their participation in the district court was a substantial factor in the County's decision to terminate its attempt to gain, through litigation, preclearance for the 1978 and 1979 plans. If appellants make such a showing, there can be no tenable argument, in the circumstances of this case, that they failed to prevail or that a fee award would be "unjust";[6] instead, the district court's responsibility would be to award reasonable fees in accordance with this court's prior pronouncements. *See National Association of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319 (D.C.Cir.1982); *Copeland v. Marshall,* 641 F.2d 880 (D.C.Cir.1980) (en banc).

For the reasons stated, the district court's order denying fees is vacated, and the case is remanded for proceedings consistent with this opinion.

*It is so ordered.*

---

nors had "prevailed," the district court should have asked only: Did they "in fact actively participate[ ] in the proceedings[?]" *Id.*

5. The district judge also stated that "[t]he 1980 settlement was in no real sense a victory for intervenors." Mem. Op. at 4. We disagree. The 1980 plan provided one precinct with a minority population 10% higher than any precinct in either of the preceding years' plans. Defendant-intervenors sought more, it is true, but the fact that the Attorney General settled for less than intervenors sought does not render the gain achieved in any sense unreal.

6. The County points to the overlap in discovery and other work in this case and in the one

appellants instituted in the Texas district court. Brief of Appellees at 6, 10; *see supra* note 1. Appellants have already collected attorneys' fees in the Texas case, Brief of Appellees at 12, and acknowledge that they are not entitled to double fees for the same work. Their counsel asserted at oral argument, however, that their fee application requests no double recovery. The overlap noted by the County, while it bears on calculation of reasonable fees in this case, is scarcely a reason to deny appellants' fee application.